## W. T. RAWLEIGH CO. v. COWAN et al.
### No. 2148.

Court of Civil Appeals of Texas. Eastland.
May 30, 1941.

Biggers, Baker & Lloyd, of Dallas, for appellant.

Mack Taylor, of Fort Worth, and Joseph A. Chandler, of Stephenville, for appellees.

FUNDERBURK, Justice.

The W. T. Rawleigh Company, holding a judgment against Mrs. Sallie Jackson, a widow, in the sum of $622.25, caused execution to be levied upon seven tracts of land, the legal title to which was in said Mrs. Sallie Jackson. After levy and before sale, Mrs. Sallie Jackson, Mrs. S. V. Cowan, W. B. Cowan, Arvie Cowan and Winnie Cowan filed this suit against the W. T. Rawleigh Company to enjoin sale of the land. The sale having been halted by temporary injunction, the plaintiffs, in amended pleadings, alleged substantially that Mrs. S. V. Cowan was the owner of 320 acres of the land (which may be referred to as the McCord tract); that she was owner of 7/12ths interest in the remaining six tracts; that W. B. Cowan and Mrs. Sallie Jackson were (each) the owners of 1/12th interest in all the land except the said McCord tract, and that Arvie Cowan and Winnie Cowan were (each) the owners of an 1/8th interest in all the land, except said McCord tract. Facts were alleged, designed to show that the legal title to the land in Mrs. Sallie Jackson, as aforesaid, other than as to a 1/12th interest therein, and excepting the McCord tract, was held by her in trust for her co-plaintiffs, according to their interests as above stated. That as to the 1/12th interest owned by Mrs. Sallie Jackson in her individual right, facts were alleged designed to show that it was subject to homestead exemption.

In a non-jury trial the court gave judgment for the plaintiffs, from which the defendant has appealed.

■ Appellant, as its first ground of error, contends, in effect, that appellees pleaded a trust expressed in writing and that the court erred in admitting evidence of a parol trust. The real question presented is whether appellees pleaded that a certain deed from J. M. B. Cowan to J. M. A. Cowan was by its own terms, a conveyance "for the use and benefit of Mrs. S. V. Cowan." In its immediate connection and considered without reference to other language, the quoted words, as alleged, would, perhaps, imply that the provision was expressed in the deed. Such construction, however, would render useless the further recitation that "both parties to said instrument intended that the title to said tract of land should be held by the grantee for the use and benefit of Mrs. S. V. Cowan, and that she should be the actual owner thereof." The latter would be mere repetition. Further, such a construction would render meaningless another recitation as follows: "Said land was at the time this deed was executed encumbered with certain indebtedness, and J. M. B. Cowan desired that Mrs. S. V. Cowan should not become in any manner involved or obligated for the payment thereof; that it had long been the intent of J. M. B. Cowan that his sister-in-law, Mrs. S. V. Cowan, should have the land; that J. M. A. Cowan [after the conveyance to him] held the legal title to said land for the use and benefit of Mrs. S. V. Cowan, the actual owner of such land up to the time of the foreclosure of certain liens against the land, which is more fully shown hereafter." The natural import of such language is that the interest of Mrs. S. V. Cowan was by intention of the parties not to appear in the legal title as conveyed from J. M. B. Cowan to J. M. A. Cowan while the land remained encumbered by the then existing liens. It is, therefore, our conclusion that the language of appellees' petition is not properly to be construed as alleging that the trust provision was expressed in said deed.

■ We think the evidence raised an issue, and was sufficient to support a finding

of such issue, to the effect that J. M. A. Cowan by the deed of J. M. B. Cowan held title to the McCord tract, subject to existing liens of third parties, in trust for Mrs. S. V. Cowan.

The single scrap of evidence consisting of the testimony of J. M. A. Cowan to the apparent effect that notwithstanding the deed it was the intention of the grantor J. M. B. Cowan subsequently to devise the land to Mrs. S. V. Cowan is not deemed to have the effect of concluding the issue against the existence of the trust. The testimony at most presents an inconsistency that may be apparent only. It does not exclude the probability of mistake or a misunderstanding either of the question to the witness, or the witness' answer.

Chas. Neblett held liens against six of the seven tracts of land which, by suit, he foreclosed and purchased the property at the foreclosure sale. All claimants of record liens upon any of the land were made parties, to the end that Neblett's foreclosure of his allegedly superior lien, be effective as to them. Facts were alleged designed to show that the foreclosure of the liens and purchase of the land by Neblett was in pursuance of an agreement between plaintiffs and Neblett, the effect of which was to constitute the latter trustee for the former. The alleged purpose was, by nominal foreclosure proceedings, to clear legal title to the land in Neblett, and to afford time and opportunity to plaintiffs to procure a loan to pay Neblett's debt with interest at six per cent from the time of foreclosure until payment, together with expenses. Subject to the new lien, or liens, to secure such loan, the legal title was to be transferred by Neblett to plaintiffs, or to some person for them. The agreement was executed, that is, Neblett's liens were by suit, or suits, foreclosed; at the foreclosure sale Neblett purchased the land; plaintiffs continued, according to the agreement, to pay him interest upon his debt; Mrs. Sallie Jackson, for herself and as representative of the other plaintiffs, procured a loan out of which Neblett's debt and expenses were paid. As part of the transaction Neblett conveyed the land of which he held the legal title as aforesaid, subject to the new liens, to Mrs. Sallie Jackson.

The evidence, we think, was sufficient to show such agreement and action in pursuance of the agreement. In our opinion, it sufficiently established the contention of the plaintiffs that Neblett, subject to the payment of his debt and expenses, acquired and held legal title to the land as trustee for the plaintiffs; that subject to the new lien he conveyed title to Mrs. Sallie Jackson likewise in trust for the other plaintiffs, except as to her individual interest in five of the seven tracts. One of the tracts, known as the Dingler tract, not being encumbered, was not acquired by Neblett in said nominal foreclosure proceeding, but its owners conveyed it in trust (not expressed in the deed) to Mrs. Sallie Jackson in order to enable her to include it in the lien, with the other six tracts, given to secure said new loan. The ownership of the McCord tract by Mrs. S. V. Cowan remained unchanged; Neblett succeeding J. M. A. Cowan as trustee, and Mrs. Sallie Jackson succeeding Neblett.

There were four different trusts claimed, and we think sustained by the evidence: (1) The trust imposed upon the conveyance of the McCord tract by J. M. B. Cowan to J. M. A. Cowan, with Mrs. S. V. Cowan cestui que trust; (2) the trust imposed upon the conveyance to Chas. Neblett at foreclosure sale, including the McCord Survey and as to the latter merely involving a change of trustee; (3) the trust imposed upon the conveyance from Neblett to Mrs. Sallie Jackson likewise including the McCord Survey and as to it merely involving a further change of trustee; (4) the trust imposed upon the conveyance to Mrs. Sallie Jackson of the Dingler tract to permit of its being used to secure the loan procured to discharge the debt and expenses of Neblett.

Each of said four trusts was oral and expressed. The agreement by which each was created preceded each of the several changes, or transfers, in the legal title. No declaration of trust, other than such as was implicit in each of the several agreements creating same, was necessary. The mutuality of the obligations provided by the several agreements was sufficient consideration to support such agreements. Besides the agreements were executed. The consideration supporting the several written conveyances, about which there was no question, was, we think, sufficient at the same time to support the imposed trusts.

Many of the rules and principles of law which appellant contends were violated, relate to resulting or constructive trusts (implied trusts) and have no application to express trusts, as here considered.

These conclusions, we think, in effect answer the several contentions of the appellant. It follows that, in our opinion, the judgment of the trial court should be affirmed, and it is accordingly so ordered.